## No. 119.

### Mrs. Marmu *v.* A. Bonnet.

A wife is not legally bound by the pledge of her property to secure her husband's debt.

What one is prohibited from doing personally, one cannot do through an agent.

*Appealed from Fifth District Court, Parish of Orleans.*

*McGloin & Nixon,* attorneys for plaintiff, appellee.

*Charles Louque, Julian Michel,* attorneys for defendant, appellant.

His Honor Judge Frank McGloin having recused himself, he being of counsel in the case, Francis T. Nicholls, Esq., attorney at law, acting as judge *ad hoc*, delivered the opinion of the court in the words and figures following, to wit;

The plaintiff, a married woman, avers that in the year 1870, she entrusted to the defendant, for sale for her account, a lot of jewelry belonging to her—she had withdrawn a portion of

these articles, but, that the defendant refused either to return the balance or to account for them to her. She prayed for a judgment against defendant for the sum of $815.00, being the alleged value of the goods, and legal interest from judicial demand and answers. The defendant without pleading the general issue meets plaintiff's demand by special defense. He avers that in the month of April 1868, Mr. and Mrs. Marmu pledged a lot of jewelry to Mr. Parle to secure a debt of $430.00 due by them to said Parle—that they requested him (defendant) to advance the money to withdraw the said pledged jewelry, that in consideration of the money advanced for said purpose by him, the husband made his promissory note in favor of the defendant for $467.00.

That it was agreed that said jewelry should remain in his possession pledged for the reimbursement for the sum advanced by him to redeem the jewelry, that defendant who is a jeweler should sell it in the course of his trade, and after having reimbursed himself for his advances, interest, costs, and charges should account to Marmu for the balance, if there remained any. That he held subsequent dealings with Marmu and wife. That the indebtedness resulting from said subsequent dealings held by agreement between them was covered by pledge upon the jewelry.

He annexes to his answer a statement purporting to show the accounts between himself and Marmu and wife, and claims that they owe him a balance of $52.72 which he reserves the right to sue for on a separate action.

He prays simply that plaintiff's demand be rejected at his cost. The district court rendered judgment in favor of plaintiff against the defendant ordering him to deliver to plaintiff certain articles of jewelry (the value of which was by the court set opposite to the different items) enumerated in the judgment amounting in the aggregate to the value of $562.00 and decreeing that in default of delivery plaintiffs do have judgment against defendant in that amount. It was decreed that in either contingency whether the defendant should deliver the articles, or whether he should fail to do so he should pay

plaintiff 5% per annum interest on the sum of $562.00 from the date of judicial demand.

The defendant moved for a new trial averring that the judgment was contrary to law and evidence. In this motion the defendant stated in positive terms that the plaintiff's husband had possession and control of her jewelry and that as her agent he pledged them to defendant to secure a debt on which in a subsequent part of the same motion he declares that Mrs. Marmu was in no manner bound. The effects of those admissions is in no manner lessened by the fact that in other parts of the same motion defendant denies that the property belongs to plaintiff.

A mere allegation and denial by defendant of the rights of a plaintiff yield to a positive admission by him of the same rights. There is evidence in the record to support the correctness of the admission made by the defendant and we take the fact to be true as stated by defendants, that plaintiff was in no manner bound by the debt for which these jewels were pledged, and that they were pledged by her husband as her agent and with her consent for her husband's debt. Bringing home to defendant knowledge of the ownership of the goods and of the agency of the husband in pledging them, eliminates in my consideration, any question of fraud or bad faith on the part of the wife. If defendant loses by his imprudence or want of knowledge, he can lay the blame to no one but himself. We agree therefore with the district judge that the articles of which the plaintiff claims the value from the defendant are in the possession of the latter, subject to plaintiff's right of ownership and right of possession. With the exception of one gold guard chain, valued at $35.00, and one seal with locket, valued at $25.00, the ownership of which particular articles, the plaintiff disclaims in her testimony. These last mentioned articles were inadvertently included in the judgment for plaintiff, and her attention having been specially directed to the claim set up for them in her behalf, it was her duty to have entered *a remittitur* for the sum in the lower court. It was more, plaintiff's duty to call the court's attention to this error

than it was defendant's duty, and we cannot throw the cost of appeal upon the latter for failure to make special reference to these items in his application for a new trial. While we are not entirely satisfied as to the values affixed by the lower court to the articles in the possession of the defendant we think substantial right and justice will be best subserved by adopting them. If there be any over estimate the defendant can easily avoid the ill effect of the error by availing himself of the right accorded him or rather the duty imposed upon him by the judgment in surrendering the articles themselves. We cannot agree with the district court in its conclusions that defendant is liable to the plaintiff for 5% per annum from judicial demand upon the value of the jewelry in his possession. There is no proof in the (record) of damage to plaintiff, and there is no authority to presume an assumed damages of 5% upon the value of the articles as would have been the case had defendant been in default to plaintiff for a sum of money. The judgment in this case negatives the idea that prior to the rendition of the judgment, the defendant had been guilty of a conversion of the jewelry. The item upon which it proceeds is on the contrary that the defendant has still the articles in kind in his possession and under his control. We do not think that a possible future refusal on the part of the defendant to turn over the jewelry under the terms of the judgment will authorize the court to give (should it occur) to that act the effect of conveyances of which a conversion by plaintiff of the articles prior to judicial demand or judgment might have entailed on him if the plaintiff believed that the defendant had prior to judicial demand converted the goods and that the district judge erred in assuming otherwise, she should either have appealed from, or asked an amendment of the judgment.

The counsel who represents the defendant in this court, who we must say was not defendant's attorney below, argues before us that the defendant's original possession of the jewelry was acquired while in the discharge of an agency from

the plaintiff. This position is inconsistent with the pleadings and is not supported by the evidence.

For the reason above given it is ordered, adjudged and decreed that the judgment of the lower court be annulled, avoided and reversed and proceedings to give such judgment as should have been rendered below. It is ordered, adjudged and decreed that there by judgment herein condemning the defendant, A. Bonnet, to deliver within ten days from the filing of this judgment in the lower court to the plaintiff, Mrs. Alexandrine Mayer, wife of Caliste Marmu, 1 gold watch valued at ($100.00), 1 diamond pin valued at ($125.00), 1 gold chain set with pearls valued at ($175.00), 1 pair diamond ear rings valued at ($75.00), one pair green stone ear rings valued at ($12.00), one necklace valued at ($10.00), 1 fan valued at ($5.00), and one knife valued at ($5.00), the same articles claimed by plaintiff in her petition and in default of said delivery by said Bonnet within that time, it is hereby ordered, adjudged and decreed that the plaintiff aforesaid, Mrs. Alexandrine Marmu, do have and receive from the defendant, A. Bonnet, the sum of $507.00 with legal interest thereon from the date of his default to deliver said articles until final payment. It is further ordered, adjudged and decreed that the defendant pay the cost of the lower court and that the plaintiff pay the cost of appeal.